**MARYLAND CASUALTY COMPANY,**
**Plaintiff,**

v.

**Sara Jane MULLETT and Arnold D.**
**Wilner, Defendants,**
**and**
**Sanford M. Lampl, Receiver, Joined as**
**Party Defendant.**

**Civ. A. No. 66–1163.**

United States District Court
W. D. Pennsylvania.

Feb. 11, 1969.

---

Robert F. McCabe, Jr., Pittsburgh, Pa., for Maryland Casualty Co.

Theodore T. Blair, Pittsburgh, Pa., for Arnold D. Wilner.

Zelig Breakstone, Pittsburgh, Pa., for receiver.

## OPINION

GOURLEY, Chief Judge.

This is a civil non-jury proceeding and is presented on stipulated facts.

Broman Construction Company entered into a contract with the Pennsylvania Department of Highways to build a road in Clearfield County. Maryland Casualty Company was the surety and Sara Jane Mullett indemnified Maryland Casualty Company. Broman Construction Company got into financial problems and although it completed the construction work, left a large number of bills for labor and material unpaid. It was agreed by the surety, Mullett, and the insolvent that moneys then due from the State Highways Department be paid to Arnold D. Wilner, Esquire, under agreement to be used to pay claims on the Clearfield job. The money was, in fact, received by Wilner but before it could be used for the intended purposes, Sanford M. Lampl was appointed receiver for Broman Construction Company and made claim on Wilner for the funds. Maryland Casualty Company has since paid claims far in excess of the money held by Wilner in payment of labor and material claims on the Clearfield job. This payment was made at the direction of Broman and was made to Wilner who was then attorney for Sara Jane Mullett, hereinafter called "Mullett," a creditor of Broman. Wilner agreed to an arrangement whereby the assets and receivables becoming available would be disbursed in payment of bills for which the surety might be liable under the provisions of the payment and performance bonds furnished to Broman for its contract with the Commonwealth of Pennsylvania. The entire fund paid to Wilner still remains in Wilner's custody.

■ Is the Receiver of the insolvent Broman Construction Company or the surety of said insolvent entitled to the fund in the amount of $22,385.25 held by Wilner which he received from the Commonwealth of Pennsylvania as a payment on the contract of Broman Construction Company, the contractor with the Commonwealth?

The Court has conducted a full and complete hearing, considered all briefs, evaluated the applicable law and concludes that the funds in the possession of the stakeholder are the property of the Receiver and not the surety for the insolvent contractor.

■ The plaintiff's thesis of recovery under the doctrine of equitable subrogation is not applicable to the instant factual situation. To apply the Pennsylvania doctrine of equitable subrogation it is necessary that

(1) the surety had made payments on obligations of the principal, or

(2) the funds were still in the hands of the obligee on the bond, or

(3) the funds had been paid out of the hands of the obligee or the owner at a time after the right of the surety had attached as a result of having made payments on behalf of the principal.

Jacobs v. Northeastern Corporation, 416 Pa. 417, 206 A.2d 49, 11 A.L.R.3d 1220; Pearlman v. Reliance Insurance Co., 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190. In the instant case the surety was a party to the arrangement in which the Commonwealth of Pennsylvania paid over the fund to Wilner who was acting on behalf of Broman, the contractor, for the explicit purpose of satisfying creditors of Broman arising out of the Broman contract with the Commonwealth. This was, as the Receiver points out, in reality a payment to Broman and for his benefit. Prior to any distribution to Broman's creditors for these specified bills arising out of the contract with the Commonwealth, a receiver for Broman was appointed. Since the funds have been and are being held by a stakeholder for the insolvent Broman, they are in reality the funds of the insolvent and are part of the estate which should be used for the benefit of the creditors of said insolvent. To aware the fund to

the surety would unquestionably create a preference which clashes with the basic and fundamental purposes of receiverships.

Appropriate Findings of Fact and Conclusions of Law are entered.

## FINDINGS OF FACT

1. By Stipulation filed September 19, 1968, the within action was settled but one issue remained to be decided. By Order dated September 19, 1968, the within action was removed from the Jury Trial List and the case was set down for non-jury trial for decision of the one remaining issue.

2. The aforesaid issue involves the sum of $22,385.25 (hereinafter called the Fund) which is held by the defendant, Arnold D. Wilner, (hereinafter called "Wilner") which is claimed by the plaintiff and by Sanford M. Lampl, (hereinafter called the "Receiver"). It is and always has been acknowledged that Wilner has no personal right to the Fund, but holds same only as a stakeholder against the adverse claims aforesaid.

3. In 1965 and at other times not pertinent hereto, Wilner represented the defendant, Sara Jane Mullett, (hereinafter called "Mullett") and during that year Mullett informed him that Broman Construction Company (hereinafter called "Broman") was indebted to her for a large amount of money and was performing a highway construction project in Clearfield County. Mullett further informed Wilner that she believed the affairs of Broman were not being properly handled by the principals.

4. As a result of the foregoing, a conference was held with the principals of Broman and it was arranged that Wilner and Mullett would enter into joint control of the assets, receivables and payables of Broman. In the process of such joint control, Wilner became aware that the plaintiff had provided the Payment and Performance Bond on said highway project and had been notified of certain unpaid claims against Broman thereon.

5. Subsequently, Wilner was advised by the plaintiff that it contended for indemnification liability against Mullett as to claims under the said Bond. In conference with the plaintiff, Wilner did agree to continue in the aforesaid control arrangement, to the end that the assets and receivables becoming available may be used to pay claims against Broman arising out of the said highway project.

6. To the knowledge of all of the parties then involved, there were payments due Broman from the Commonwealth of Pennsylvania for work performed on the aforesaid highway project and it was agreed that Wilner should obtain a letter of direction from Broman to the Commonwealth of Pennsylvania, directing that all such sums should be paid to him. This was accomplished and, on or about November 5, 1965, Wilner received the Fund which he deposited in a special bank account. The Fund has been and still is so held by Wilner, separate and apart from any and all other funds.

7. Prior to the receipt of the Fund, Wilner had knowledge of claims against Broman for unpaid labor and material on the said highway project covered by plaintiff's Bond. However, none of said claims were paid by plaintiff or by Broman prior to the receipt of the said Fund by Wilner.

8. By Order of the Court of Common Pleas of Allegheny County, Pennsylvania, dated February 23, 1966 at No. 2377 April Term, 1966, Sanford M. Lampl was appointed Receiver of Broman and still continues as such Receiver. Thereafter, the plaintiff was called upon to and did pay claims for labor and material against Broman, in accordance with the said Bond, in an amount in excess of the Fund, and made claim against Wilner for the Fund. Also, thereafter, the Receiver made claim against Wilner for the Fund.

## CONCLUSIONS OF LAW

1. The payment of funds by the Commonwealth of Pennsylvania to Wil-

ner were not subject to equitable subrogation by Maryland Casualty Company.

2. The funds held by the Receiver of the insolvent party are accessible to the creditors of the same.

3. The award of the funds to the surety is improper because it would create a preference antagonistic to one of the basic concepts of bankruptcy law.